**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LANCE MCKINNEY,**

    **Plaintiff,**

**vs.**                                    **Case No.: 1:23-CV-00152-AW-MAF**

**CAP'T. TAFF,
et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Lance McKinney, proceeding *pro se* and *in forma pauperis,* filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 as previously directed by the Court. ECF No. 6. At the time Plaintiff initiated this case, he was a pretrial detainee. Plaintiff was recently released from Wakulla County Jail on July 21, 2023. ECF No. 10. The Court screened the amended complaint, as required under 28 U.S.C. § 1915A and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, for the reasons stated below, this case should be dismissed because the amended complaint remains a shotgun pleading and fails to state a claim upon which relief may be granted.

**I.   Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines a complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "[t] state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To '[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at 694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per*

*curiam*)). Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404, U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

## II.   Plaintiff's Amended Complaint, ECF No. 6.

Plaintiff sued Captain Taff, the jail supervisor; Jared Miller, Sheriff of Wakulla County; and Genesys Health Alliance ("Genesys"). ECF No. 6, pp. 1-3. Taff and Miller are sued in their individual capacities; and Genesys is sued in its official capacity. Id., pp. 2-3. On July 3, 2022, at 5:00 p.m., Plaintiff slipped and fell in Dorm A2. Id., p. 5. Plaintiff fell on his back and could not move. Id. Fellow inmates reported the incident; and, within five- to

seven minutes, Nurses L. Morgan and Amber Godbolt and Officers Young and Kendricks came to assist Plaintiff. Id.

The nurses asked Plaintiff if he could move on his own; and Plaintiff responded, "No[,] I cannot." Id. The nurses only took Plaintiff's vital signs. Id. When the nurses said they were done, Young and Kendricks told Plaintiff to get up. Id. Plaintiff responded he could not move. Id. Young and Kendricks grabbed Plaintiff by the arms and dragged him back to his room. Id., pp. 5-6. Plaintiff felt his spine "pop" as they picked him up and laid him in his bed. Id., p. 6. The nurses came to Plaintiff's cell; and Nurse Morgan said she would bring Plaintiff a Tylenol and place an order for a pain shot. Id. Plaintiff went to the hospital a day or two later. Id. The two officers were suspended on administrative leave. Id. Plaintiff did not list any of the attending personnel as defendants in this case.

Plaintiff claims that Defendants are responsible for the training of their subordinates. Id., p. 7. Miller and Taff are liable for the training of the officers; Taff is responsible as the officers' supervisor; and Genesys is liable for training the nurses who did not perform their duties. Id., p. 7. Plaintiff seeks unspecified monetary damages for future medical treatment and punitive damages for pain and suffering. Id., p. 7.

### III.   Shotgun Pleadings are Not Permissible

The Court previously advised Plaintiff that shotgun pleadings are not permissible. ECF No. 5, pp. 3-5. Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." <u>LaCroix v. W. Dist. of Ky.</u>, 627 F. App'x 816, 818 (11th Cir. 2015). There are no numbered paragraphs in Plaintiff's amended complaint.

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1323 (11th Cir. 2015). District courts have "the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits . . . which in some circumstances includes the power to dismiss a complaint for failure to comply with Rule

8(a)(2) and Rule 10(b)." Id., at 1320. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321. The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Here, Plaintiff does not attribute any acts or omissions to any of the named defendants. Plaintiff only states that each of them, in their supervisory or management roles, failed to properly train the officers and nurses. But, without more, this amounts to a purely legal conclusion, which is insufficient to state a claim for relief. The only acts or omissions identified by Plaintiff are

those attributable to the nurses and the officers, but none of them are named as defendants. As pled, the complaint would not provide the named defendants fair notice of any claims against them. Moreover, for the reasons stated below, Plaintiff fails to state a claim under Section 1983.

IV. **Respondeat Superior and Official Capacity Claims**

The Court previously advised Plaintiff that his claims under a theory of vicarious liability would likely fail. ECF No. 5., pp. 5-7. "(L)iability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).

Plaintiff does not establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed

to stop it." Craig, 643 F.3d at 1310 (citation omitted). Thus, the respondeat superior claims should be dismissed.

## V. Failure to Train and Deliberate Indifference

The Court previously advised Plaintiff that the failure to train claims would likely be dismissed. ECF No. 5, pp. 8-9. Although under Section 1983, a supervisor can be held liable for failing to train his or her employees, this is permissible "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989); Belcher v. City of Foley, Ala., 30 F.3d 1390, 1397 (11th Cir. 1994) ("A supervisory official is not liable under section 1983 for an injury resulting from his failure to train subordinates unless his failure to train amounts to deliberate indifference to the rights of persons with whom the subordinates come into contact and the failure has actually caused the injury of which the plaintiff complains"). Thus, a plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had "actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights," and that armed with that knowledge the supervisor chose to retain that training program. Connick v. Thompson, 563 U.S. 51, 61 (2011).

Case No. 1:23-CV-00152-AW-MAF

Case 1:23-cv-00152-AW-MAF   Document 11   Filed 08/22/23   Page 9 of 12

Page 9 of 12

To establish that a supervisor was on actual or constructive notice of the deficiency of training, "[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary." Id. (internal citations omitted). Here, Plaintiff does not suggest a pattern of violations. It appears Plaintiff's incident is an isolated one.

More importantly, Plaintiff does not allege that he suffered any adverse effect or injury from being dragged and laid on the bed or that any delay in getting him to a hospital caused him any injury. Delayed or denied access to medical care for inmates resulting in physical or mental injury constitutes a violation of constitutional rights. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976). To sufficiently state a claim, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). The medical need must be "one that, if left unattended, pos[es] a substantial risk of serious harm." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations and internal quotation marks omitted). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" McElligott v. Foley, 182 F. 3d 1248, 1254 (11th Cir. 1999).

A deliberate-indifference claim contains both an objective and a subjective component. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). First, a prisoner must prove the need is "one that has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," which "if left unattended, poses a substantial risk of serious harm." Id.

Second, the prisoner must prove the defendant had (1) subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) by conduct that is more than mere negligence. Id. citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence is insufficient to support a claim. Farmer, 511 U.S. at 835-36. As a result, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant

to the conscience of mankind.'" Estelle, 429 U.S. at 105-06. See also Wilson, 501 U.S. at 297-98.

Allegations that raise only claims of mere negligence, neglect, or medical malpractice are insufficient to recover under § 1983 simply because the patient is a prisoner. Estelle, 429 U.S. at 105-07. When the medical care "is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" or is "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care," it violates the Eighth Amendment. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1983).

Plaintiff does not attribute any acts to the named defendants that would suggest they -- as individuals -- were deliberately indifferent to Plaintiff's medical condition. None were present to attend to Plaintiff on the day he fell at the jail. At best, Plaintiff alleges the defendants' subordinates (the nurses and officers) were negligent, but negligence claims are not properly raised in a Section 1983 action; and, without a constitutional violation, a failure to train claim against Defendants cannot survive.

## VI.  Conclusion and Recommendation

For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C.

Case No.  1:23-CV-00152-AW-MAF

§§ 1915A(b)(1) and 1915(e)(2)(B)(i) because the complaint is a shotgun pleading and fails to state a claim upon which relief can be granted. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 22nd day of August, 2023.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).